**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

JANIS CARLSON,

                      CIVIL NO.: _____

        Plaintiff,

v.

RECEIVABLES PERFORMANCE           **COMPLAINT**
MANAGEMENT, LLC, A/K/A RPM,        **JURY TRIAL DEMANDED**

        Defendant.

_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Janis Carlson (hereinafter "Plaintiff"), is a natural person residing in the County of St. Louis, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Receivables Performance Management, LLC a/k/a RPM (hereinafter "Defendant"), is a collection agency operating from an address of 20816 44th Avenue West, Lynnwood, WA 98036 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime prior to November 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

8. On November 9, 2010, Plaintiff sent a Cease and Desist letter to Defendant by certified mail.

9. Plaintiff specifically wrote, "I am herewith requesting that you cease and desist telephone communications with me, as well as any of my family or friends, in relation to this and all other alleged debts you may claim I owe."

10. On November 11, 2010, Defendant contacted Plaintiff by telephone in an attempt to collect the alleged debt.

11. Plaintiff's husband, Donald Carlson, answered the telephone and informed Defendant that Plaintiff had already sent a Cease & Desist letter to Defendant and requested not to be contacted by Defendant anymore.

12. Defendant demanding payment from Plaintiff's husband on Plaintiff's alleged debt. Defendant tone was very rude, condescending and disrespectful to Plaintiff's husband. Mr. Carlson finished their telephone conversation.

13. On November 11, 2010 at 7:19 p.m., despite knowing that Plaintiff demanded not to be contacted by telephone, Defendant contacted Plaintiff again.

14. Defendant left a message on Plaintiff's answering machine, which failed to communicate that Defendant was a debt collector and attempting to collect a debt. The message stated, "Janis…Janis…we're not stopping……"

15. Plaintiff was emotionally and physically disturbed by the telephone message left by Defendant.

16. The conduct of Defendant in communicating with consumer after written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication, using any conduct the natural consequence of which is to harass, oppress, or abuse any person, failing to meaningfully disclose the identity of the caller, using any false, deceptive, or misleading representation or means in connection with the debt collection, threatening to take any action that cannot legally be taken or that is not intended to be taken, failing to communicate that Defendant is a debt collector and attempting to collect a debt and using any unfair or unconscionable means to collect or attempt to collect the alleged debt are a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(c), 1692d, 1692e, 1692e(5), 1692e(11) and 1692f amongst others.

**Respondeat Superior Liability**

17. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

18. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

19. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

20. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

21. The above-detailed conduct by Defendant, of failing to communicate that Defendant is a debt collector and attempting to collect a debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

22. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

23. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

28. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

29. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

30. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  April 13, 2011

 s/ Mark L. Vavreck                             .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:  (612) 659-9220
mvavreck@mgvlawfirm.com